JOSEPH FULTON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The effect of a threat as evidence, is to be determined by the jury for themselves. The court should express no opinion on the subject.
2. When the existence of a debt is in evidence, if the amount of it be at all relevant, the witness testifying to the debt should be allowed to state the amount also.

Criminal Law. Threats. Presumptions. Evidence. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1876.

Fulton was placed upon trial for the offense of arson, alleged to have been committed in setting fire to and burning a gin-house. He pleaded not guilty. The evidence, so far as material, was as follows:

J. L. West sworn: The gin-house on Mr. Woodfin's plantation was burned, between midnight and day, on November 12th, 1876. There was cotton and cotton-seed stored therein. Some of the cotton belonged to witness. Defendant lived on Woodfin's place; he had no cotton in the gin-house. Witness had had no difficulty with defendant, but the state of feeling between them was not good. He knew that witness had cotton in the gin-house. Osborn Woodfin, a brother-in-law of defendant, had five or six bales of cotton stored there. Charles Randall, another brother-in-

law, had five bales there. Charles Prichett, a brother-in-law of defendant, and Osborn Woodfin, owed Mr. Woodfin.

Here it was proposed to show the amount of this indebtedness. On objection, the evidence was excluded, and defendant excepted.

Hannah Fulton sworn: On the night the gin-house was burned, heard her father, the defendant, tell her mother "that she must not say anything about it, and he and Uncle Jesse were going to burn Mr. Woodfin's gin-house. Never heard them say what they were going to burn the house for. Told Mrs. Walker, in the cow-pen, what she heard her father say, before she learned that the gin-house was burned."

The court charged the jury, amongst other things, as follows:

"When a party makes a threat to commit an act, and immediately after the threatened act is committed as threatened, the presumption is that the party committed said act, and it is incumbent on the party to show that he did not commit it."

The jury found the defendant guilty. He moved for a new trial because of error in the aforesaid exclusion of testimony and in the charge.

The motion was overruled, and he excepted.

Philip B. Robinson; James B. Park, for plaintiff in error.

J. W. Preston, solicitor general, by Jackson & Lumpkin, for the state.

Bleckley, Judge.

1. The effect of a threat as evidence, is not a question for the court, but for the jury. The law makes no invariable deduction from the utterance of a threat, but leaves it to be weighed, with the other facts of the case, in the light of all the circumstances. 2 Best on Evidence (Morgan's

Notes), §458. It is, therefore, error to instruct the jury, that when an act is threatened and is immediately afterward done as threatened, the presumption is that the person who made the threat did the act, and it is incumbent on him to show he did not do it. This is reasoning for the jury, instead of leaving them to reason for themselves. It is expressing an opinion that a given conclusion follows from given premises. 45 *Ga.*, 477; 39 *Ib.*, 597; 40 *Ib.*, 291; 56 *Ib.*, 503. If the prisoner threatened to burn the gin-house, and it was burned accordingly, by some person, on the same night the threat was uttered, whether the prisoner was the incendiary is for the jury to determine. If they should believe the threat was made, and made seriously, and that the house was not burned by accident, but by design, they might deem it sufficient to identify the prisoner as the guilty party. But they should pass on all the facts, including the threat, and judge for themselves whether guilt is established, beyond a reasonable doubt, or not.

2. After evidence was admitted that some bales of cotton belonging to certain of the prisoner's relatives, were in the gin-house at the time of the burning, and that the owners of the cotton were indebted to the owner of the gin-house, the witness for the state who testified to these facts should have been allowed to disclose the amount of the indebtedness, when interrogated to that point by the prisoner's counsel. There being no evidence that the prisoner had any motive to injure his relations (the owners of the cotton), there might be less probability that he would have set fire to the house, if their debt was small compared with the value of the cotton, than if it was enough to absorb the full value. In this way, the amount of the indebtedness was relevant, and its exclusion was error.

Judgment reversed.